Charles Edward JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 39716.

Court of Criminal Appeals of Texas.

June 22, 1966.

Rehearing Denied Oct. 19, 1966.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is robbery by assault; the punishment, enhanced under Art. 63, Vernon's Ann.P.C. by two prior convictions for felony theft; life.

Trial was before a jury on a plea of not guilty. Notice of appeal was given on December 15, 1965 when sentence was pronounced.

The indictment alleged that appellant made an assault upon Ernest Pender and took money from him.

Proof was offered to sustain the allegations as to prior convictions.

Pender identified appellant at the trial and in a police line-up as the man that came to the icecream truck he was driving, at about 2 o'clock on Sunday afternoon; asked for a pint of icecream and, as he reached in the box and got it, stuck a pistol in his ribs and said "I want your money."

Pender testified that he told appellant he had a family to support and asked him not to take his money, to which appellant replied: "It's either your life or your money, your money or your life," and took the money he had in his apron and then the money in his billfold, totalling $35.78, and ran to a car parked down the street, got in it and drove away.

The confession of the appellant was offered by the state and admitted in evidence following a hearing before the court in the jury's absence, the court having resolved the issues of fact and law and found that it was freely and voluntarily made after Detective Orlando, to whom it was made, had warned appellant of his rights in conformity with the statutes of this state and of his right to consult counsel.

Appellant testified before the court and again before the jury to the effect that the statement was made as the result of police brutality, all of which was denied by the officers.

Testifying before the jury, appellant admitted having been previously convicted of felonies including those alleged in the indictment for enhancement of punishment purposes. He denied having committed the robbery.

The question of the voluntariness of the confession was submitted to the jury with

instruction that it not be considered if the jury believed or had reasonable doubt that appellant signed it "because he was struck or slapped, or that a battery was used against his private parts, or any form of brutality or coercion, was used to make him sign the statement."

There are no exceptions relating to the court's charge or formal bills of exception, and no brief has been filed.

We have examined the informal bills of exception reserved in the statement of facts.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.